# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 00-CR-0126-007-CVE |
| KENNETH WAYNE STIGER, | ) ) | (16-CV-0449-CVE-PJC) |
| Defendant. | ) ) | |

## OPINION AND ORDER

Now before the Court is defendant's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 (Dkt. # 1184), and his two-part motion to amend and/or supplement his § 2255 motion (Dkt. # 1228). Defendant Kenneth Wayne Stiger argues that, because one of his prior convictions was reduced from a felony to a misdemeanor, his mandatory life sentence under 21 U.S.C. §§ 841(b)(1)(A) now violates his rights under the Due Process Clause and the Eighth Amendment. Plaintiff responds that the redesignation of defendant's conviction as a misdemeanor under state law does not affect the validity of his federal sentence, and asks the Court to deny defendant's § 2255 motion.

### I.

On April 6, 2001, Stiger was charged by a superseding indictment with conspiring to possess with intent to distribute cocaine and marijuana. Dkt. # 8. Thereafter, on July 20, 2001, Stiger was charged by a second superseding indictment with, <u>inter alia</u>, conspiring to possess with intent to distribute cocaine, marijuana, and cocaine base (crack), all in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) (count one). Dkt. # 100. Defendant made his initial appearance on August 29, 2001,

and counsel was appointed to represent him. Dkt. # 201. Count one of the second superseding indictment carried a statutory mandatory minimum sentence of 10 years, and a statutory maximum sentence of life imprisonment. However, plaintiff filed an enhancement information (Dkt. # 439) under § 851, stating that defendant had two prior convictions for felony drug offenses and was on notice that he would receive a mandatory minimum sentence of life imprisonment if convicted of count one. See 21 U.S.C. § 841(b)(1) ("If a person commits a violation of this subparagraph . . . after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment . . ."). Defendant exercised his right to a jury trial and was convicted of drug conspiracy (count one), and, by special interrogatory, the jury found that defendant knowingly and intentionally participated in the conspiracy as to the distribution of marijuana, cocaine, and cocaine base. Dkt. # 540. On February 20, 2003, the Honorable H. Dale Cook entered judgment sentencing defendant to life imprisonment as to the drug conspiracy charge (count one), and a concurrent sentence of 21 years for money laundering conspiracy (count two). Dkt. # 764.

On appeal, the Tenth Circuit Court of Appeals affirmed defendant's convictions on the merits, but remanded the case to the district court for a hearing on an attorney conflict of interest issue. Dkt. # 912. Following an evidentiary hearing, Judge Cook declined to grant defendant's request for a mistrial, and this ruling was affirmed on appeal. Dkt. # 1052. On April 8, 2009, defendant filed a § 2255 motion asserting claims of ineffective assistance of counsel. Dkt. # 1084. The case was randomly reassigned to the undersigned. Dkt. # 1086. The Court denied defendant's § 2255 motion, and the Tenth Circuit denied defendant's request for a certificate of appealability. Dkt. ## 1107, 1113. Defendant filed a motion for writ of habeas corpus asserting that he was

actually innocent of his two felony drug offenses that supported the enhancement of his federal drug conspiracy conviction. Dkt. # 1116. The Court found that defendant's motion was an unauthorized second or successive § 2255 motion and dismissed it for lack of jurisdiction. Dkt. # 1117.

On July 8, 2016, defendant filed a § 2255 motion seeking relief based on a change in California law that allowed defendant to petition the state court to convert one of his prior felony convictions into a misdemeanor. Dkt. # 1184. Defendant sought authorization from the Tenth Circuit to proceed with a second or successive § 2255 motion. The Tenth Circuit dismissed defendant's request as unnecessary, because he could not have raised this claim in his original § 2255 motion and his motion was not second or successive. Dkt. # 1188. This Court ordered plaintiff to file a response to defendant's § 2255 motion. Dkt. # 1194. Plaintiff has filed a response (Dkt. # 1203). Defendant has filed a reply (Dkt. # 1212) and an amended reply (Dkt. # 1213). Defendant also filed a two-part motion to supplement and/or amend his pending § 2255 motion (Dkt. # 1228).

## II.

Defendant argues that he should be resentenced without application of a mandatory life sentence under § 841(b)(1)(A), because one of the two felony convictions used to enhance his sentence has been reduced to a misdemeanor. Plaintiff responds that the subsequent reduction of a penalty under state law has no effect on defendant's federal sentence, because it is undisputed that defendant had two "final" convictions for felony drug offenses when he was sentenced and Proposition 47 does not alter the historical fact of defendant's prior felony convictions.

On November, 4, 2014, voters in the state of California passed Proposition 47, also known as the Safe Neighborhoods and Schools Act, and Proposition 47 took effect on November 5, 2014. People v. Rivera, 183 Cal. Rptr. 3d 362 (Cal. Ct. App. 2015). Proposition 47 reduced certain drug

possession offenses from a felony to a misdemeanor, and the maximum sentence for these offenses became no more than one year imprisonment. CAL. HEALTH & SAFETY CODE § 11350. Proposition 47 also created a procedure for criminal defendants who had been convicted of a felony drug offense to petition the state court to redesignate a felony drug conviction as a misdemeanor. CAL. PENAL CODE § 1170.18. The presentence investigation report in this case states that defendant had been convicted of possession of a controlled substance on April 21, 1986, and was sentenced to 180 days imprisonment. Defendant filed a petition in the Superior Court of California in Los Angeles County and, on July 8, 2015, his 1986 felony drug conviction was reduced to a misdemeanor. Dkt. # 1186, at 40. The conviction was one of the two felony convictions identified in the enhancement information that was used to enhance the statutory mandatory minimum sentence to life imprisonment. Dkt. # 439.

Defendant makes clear that he does not raise any statutory claims. Rather, defendant argues that it would violate his constitutional rights under the Due Process Clause and the Eighth Amendment to keep the § 841(b)(1)(A) enhancement in place after learning that his prior conviction carries a maximum penalty of six months only and is treated as if it had never been a felony. Dkt. # 1228, at 5. Defendant relies on Johnson v. United States, 544 U.S. 295 (2005).

A. Due Process

Defendant argues that the California court order invalidated his felony conviction and replaced it with a misdemeanor. He argues, therefore, that his prior felony drug conviction was vacated and he has a right to relief under Johnson. Dkt. # 1228, at 6-7. The Tenth Circuit addressed this precise due process argument in United States v. McGee, 760 Fed. App'x 610 (10th Cir. Jan.

4

14, 2019) (unpublished).[1] The facts of McGee are nearly identical to the facts of the present case. McGee had received a life sentence under § 841(b)(1)(A) because, at the time, he had two prior final California felony drug convictions. Id. at 610. After California adopted Proposition 47, a California state court entered a nunc pro tunc judgment reducing one of McGee's prior drug convictions from a felony to a misdemeanor. Id. at 611. McGee brought a § 2255 motion challenging his life sentence imposed under § 841. Id. This Court denied the motion. On appeal, a Tenth Court panel addressed whether McGee's life sentence violates the Due Process Clause in light of Johnson, as a result of the felony conviction being retroactively reduced to a misdemeanor offense. Id.

The Tenth Circuit panel noted that Johnson acknowledges a right to resentencing after a predicate offense has been successfully attacked, vacated, or set aside. Id. at 613. The Court explained that

> [t]he *Johnson* scenario arises where a defendant never qualified for an enhanced sentence to begin with because his underlying predicate conviction was invalid or unconstitutional. Due process concerns may also arise where a predicate conviction, though valid, did not qualify for enhancement purposes. . . . But McGee's California conviction fits in neither category. It was not vacated. Nor has he shown that it did not qualify as a predicate offense at the time of sentencing. Instead, it was only modified, as an act of legislative grace, from a felony to a misdemeanor. . . . [C]ircuit precedent applying § 841 has made a significant distinction between convictions that have been vacated or successfully attacked and convictions, like McGee's, that have merely been excused as a matter of legislative grace. Only enhancement based on the former raises due process concerns.

---

[1] This and other cited unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

5

Id.[2] Here, contrary to defendant's assertion, defendant's prior felony conviction was not vacated. Defendant's prior conviction was merely modified from a felony to a misdemeanor due to legislative action. Further, defendant does not argue that the conviction did not qualify as a predicate offense at the time of sentencing. Therefore, defendant's enhancement is not based on a predicate offense that has been successfully attacked, vacated, or set aside. Accordingly, the Court finds that defendant's sentencing enhancement does not raise due process concerns.

B. Eighth Amendment

It is well-established that "a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment." United States v. Gillespie, 452 F.3d 1183, 1190 (10th Cir. 2006). Here, defendant does not argue that his sentencing enhancement violates § 841(b)(1). In any case, such an argument would fail. United States v. Dyke, 718 F.3d 1282, 1293 (10th Cir. 2013) ("The question posed by § 841(b)(1)(A) is whether the defendant was previously convicted, not the particulars of how state law later might have, as a matter of grace, permitted that conviction to be excused, satisfied, or otherwise set aside."); United States v. Diaz, 838 F.3d 968, 975 (9th Cir. 2016) ("California's Proposition 47, offering post-conviction relief by reclassifying certain past felony convictions as misdemeanors, does not undermine a prior conviction's felony-status for purposes of § 841."). At the time of sentencing, defendant had committed the federal offense after his two convictions for a felony drug offense had become final. "[A] state making a change to a state conviction, after it has become final, 'does not alter the historical fact of the [prior

---

[2] McGee is consistent with the Seventh Circuit's published opinion in United States v. Sanders, 909 F.3d 895 (7th Cir. 2018). In Sanders, the court held that the defendant's due process right to be sentenced on the basis of accurate information had not been violated, because at the time she committed the federal offense, she had a "prior conviction for a felony drug offense that was 'final.'" Id. at 904.

6

state] conviction' becoming final–which is what § 841 requires." Id. at 974 (quoting Dyke, 718 F.3d at 1292). Defendant's enhancement is within the limits imposed by § 841. Therefore, the Court finds that defendant's sentencing enhancement is neither excessive nor cruel and unusual under the Eighth Amendment.[3]

### III.

The Court has considered the claims raised in defendant's § 2255 motion (Dkt. # 1184) and finds that he is not entitled to relief. Rule 11 of the Rules Governing Section 2255 Proceedings instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). After considering the record in this case, the Court concludes that a certificate of appealability should not issue as to defendant's Eighth Amendment claim, as defendant has not made a substantial showing of the denial of a constitutional right. However, because McGee is an unpublished opinion, the Court finds that another panel of the Tenth Circuit or the Tenth Circuit en banc could resolve the

---

[3] In United States v. Munayco, No. 3:05cr3/RV/EMT, 2018 WL 7050761, at *5 (N.D. Fla. Dec. 19, 2018), the Northern District of Florida reached the same conclusion on this issue: "[T]he statute provides the possibility of a life sentence under § 841(b)(1)(A) regardless of whether a defendant has any prior convictions. Therefore, this court does not concur that there was an Eighth Amendment violation when the court legally could have imposed the same sentence irrespective of Defendant's prior convictions."

7

due process issue differently, or find that the question deserves further proceedings. The Court will issue a certificate of appealability as to the due process issue only.

**IT IS THEREFORE ORDERED** that defendant's two-part motion to amend and/or supplement his § 2255 motion (Dkt. # 1228) is **granted**.

**IT IS FURTHER ORDERED** that defendant's motion to vacate, set aside, or correct sentence (Dkt. # 1184) is **denied**. A separate judgment is entered herewith.

**IT IS FURTHER ORDERED** that a certificate of appealability shall issue as to the due process issue only.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send a copy of this Opinion and Order to the Tenth Circuit Clerk of Court in connection with Tenth Circuit Case No. 19-5052.

**DATED** this 10th day of June, 2019.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE